UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| BLAINE BRINGS PLENTY, | ) | Civ. 14-4045-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SOUTH DAKOTA STATE | ) | |
| PENITENTIARY; | ) | ORDER DIRECTING SERVICE |
| CHRISTINA WELLNITZ, | ) | |
| Correctional Guard; | ) | |
| CORPORAL DEVANEY; | ) | |
| CORPORAL CANDIC; and | ) | |
| CORPORAL ADAMS, | ) | |
| | ) | |
| Defendants. | ) | |

     Plaintiff, Blaine Brings Plenty, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Brings Plenty filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 4. On April 21, 2014, the court granted Brings Plenty leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee by May 21, 2014. Docket 7. Brings Plenty has since paid the initial partial filing fee. Docket 9.

     The court must now screen Brings Plenty's complaint to determine whether any claims should be dismissed. Pursuant to the PLRA, the court must dismiss an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint for failure to state a claim, "[t]he court must presume that the factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements

set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Simply stated, a pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). In the instant case, Brings Plenty claims that defendants retaliated against him for having taken part in a recent lawsuit against SDSP,

thus violating the Eighth Amendment. Docket 1 at 2–3. Furthermore, Brings Plenty alleges that defendants have discriminated against him based on his race, thus violating the Equal Protection Clause of the Fourteenth Amendment. Docket 1 at 3, 7–8. To remedy these alleged constitutional violations, Brings Plenty requests injunctive relief. Docket 1 at 4.

I. **Brings Plenty Has Alleged Facts Sufficient to Support a Retaliation Claim Under the Eighth Amendment.**

"A prisoner's Eighth Amendment rights are violated if prison officials 'impose a disciplinary sanction [or otherwise take adverse action] against a prisoner in retaliation for the prisoner's exercise of his constitutional right.' " *Meuir v. Greene Cnty. Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007) (quoting *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993)). To establish a prima facie case of retaliatory discipline, a plaintiff must show that "(1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009).

With respect to the first element, it is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The court therefore concludes that Brings Plenty has sufficiently alleged the first element of a retaliation claim by alleging that the retaliatory conduct began after Brings Plenty was a plaintiff in a lawsuit against SDSP. Docket 1 at 1–2.  The court also finds that Brings Plenty has

sufficiently alleged the second element of a retaliatory discipline claim by asserting that defendants have written him up for committing acts which are not considered prohibited when committed by other inmates. *Id.* at 8. To satisfy the third element of a retaliatory discipline action, Brings Plenty must allege facts that tend to show that, but for a retaliatory motive, defendants would not have subjected him to disciplinary action or time in the segregated housing unit. *Haynes*, 588 F.3d at 1156. Liberally construing the facts and drawing all reasonable inferences therefrom in Brings Plenty's favor, the court finds that Brings Plenty has alleged that defendants have disciplined Brings Plenty due to his involvement in a prior lawsuit against SDSP. The court therefore finds that Brings Plenty has sufficiently alleged a retaliation claim for purposes of surviving initial review under 28 U.S.C. § 1915.

## II. Brings Plenty Has Alleged Facts Sufficient to Support an Equal Protection Claim Under the Fourteenth Amendment.

The Equal Protection Clause of the Fourteenth Amendment prohibits the government from unfairly discriminating between similarly situated groups. To invoke the protections of the Equal Protection Clause, a plaintiff must "allege he was a member of a protected class or that a fundamental right was violated." *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003). If neither of those elements can be alleged, a plaintiff must allege "that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Weiler v. Purkett*,

137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)). In either scenario, the plaintiff must also demonstrate that the discrimination was intentional or purposeful. *Klinger v. Dep't of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994).

  Here, Brings Plenty has alleged that he is a Native American and thus a member of a protected class. Docket 1 at 1. Brings Plenty has also alleged that defendants have discriminated against him due to his membership in that protected class. *Id.* at 7–8. More specifically, Brings Plenty has indicated that, as a Native American inmate, he is held to stricter rules, regulations, and policies and receives fewer protections than his non-minority counterparts. *Id.* at 7. Taking these allegations as true and drawing all reasonable inferences therefrom in Brings Plenty's favor, the court finds that Brings Plenty has alleged facts sufficient to support an equal protection claim for purposes of surviving initial review under 28 U.S.C. § 1915. Accordingly, it is

  ORDERED that the clerk of court will cause service of the complaint, summons, and this order upon defendants. All costs of service will be advanced by the United States.

  IT IS FURTHER ORDERED that defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service.

IT IS FURTHER ORDERED that Brings Plenty will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

Dated June 12, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE