UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| BLAINE BRINGS PLENTY, | ) | Civ. 14-4045-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SOUTH DAKOTA STATE | ) | ORDER DENYING MOTIONS |
| PENITENTIARY; | ) | TO APPOINT COUNSEL, |
| CHRISTINA WELLNITZ, | ) | GRANTING MOTION TO AMEND |
| Correctional Guard; | ) | COMPLAINT, AND GRANTING |
| CORPORAL DEVANEY; | ) | MOTION FOR ADDRESSES |
| CORPORAL CANDIC; and | ) | |
| CORPORAL ADAMS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Blaine Brings Plenty, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Brings Plenty filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 4. Now pending before the court are Brings Plenty's motions to appoint counsel, motion to amend complaint, and motion for addresses. Dockets 21, 24. The court will address each motion in turn.

I.   **The Court Denies Brings Plenty's Motions to Appoint Counsel.**

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the

indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* In this case, the facts of Brings Plenty's retaliation and equal protection claims are not complex. Brings Plenty appears able to adequately present his § 1983 claims at this time, and his motions to appoint counsel (Dockets 21, 24) are therefore denied.

## II. The Court Grants Bring Plenty's Motion to Amend Complaint.

Brings Plenty requests leave to amend his complaint to add deliberate indifference and due process claims to his § 1983 action. Docket 21. Defendants have not filed objections to this request. A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Here, Brings Plenty's complaint was served on the majority of the named defendants on either July 14, 2014, or July 28, 2014. Dockets 16, 18. Brings Plenty is therefore entitled to amend his complaint "once as a matter of course."[1]

## III. The Court Grants Bring Plenty's Motion for Addresses.

Brings Plenty has requested the addresses for defendants Christina Wellnitz and Josh DeVaney. Docket 21. In their response to Brings Plenty's

---

[1] Brings Plenty is similarly entitled to amend his complaint with regard to the defendants who have not yet been served.

2

request, defendants have offered to provide the last known address for each of these defendants to the United States Marshals Service for service. Docket 23. Citing security interests, however, defendants ask that the returns of service filed with the court be sealed or redacted so that the addresses remain confidential. Good cause appearing, the court directs the clerk to redact such addresses from the returns of service filed with the court. Accordingly, it is

ORDERED that Brings Plenty's motions to appoint counsel (Dockets 21, 24) are denied.

IT IS FURTHER ORDERED that Brings Plenty's motion to amend complaint is granted. Brings Plenty must file an amended complaint with the court on or before **September 26, 2014.**

IT IS FURTHER ORDERED that defendants must provide the last known addresses for defendants Christina Wellnitz and Josh DeVaney to the United States Marshals Service for service. The clerk is directed to redact the defendants' addresses from the returns of service.

Dated August 26, 2014.

                                BY THE COURT:

                                /s/ *Karen E. Schreier*
                                KAREN E. SCHREIER
                                UNITED STATES DISTRICT JUDGE